PARSONS *v.* BESHEARS.

PER CURIAM. Since the charge of the court is not contained in the record, it is presumed to be free from error. The assignments of error based upon the court's refusal to grant the defendant's motion to dismiss the action as of nonsuit cannot be sustained, since the evidence was ample to support the verdict.

The evidence to the effect that the plaintiff had undergone an operation in the year 1931, prior to the disability alleged in the complaint which the defendant makes the basis of certain exceptive assignments of error, was clearly competent for the purposes for which it was admitted, namely, to corroborate the witnesses who had testified that this plaintiff was sick, and to aid the jury in determining whether the plaintiff was totally and permanently disabled at the later time. The assignments of error based upon the ruling of the court that the witness I. N. McLean was a medical expert and permitting him to give an opinion as to the physical condition of the plaintiff are untenable, as the finding of the court that the witness was an expert, since it was based upon sufficient evidence, is conclusive.

This case presents no novel proposition of law and no good purpose can be served by further or more detailed discussion of the assignments of error.

Affirmed.

H. O. PARSONS AND HIS WIFE, A. M. PARSONS, v. C. C. BESHEARS ET AL.

(Filed 20 March, 1935.)

APPEAL by plaintiffs from *Oglesby, J.,* at October Term, 1934, of WILKES. Affirmed.

This is an action to recover damages for a trespass by the defendants upon land owned by the plaintiffs. In their answer to the complaint, the defendants denied the allegation that the plaintiffs are the owners of the land described in the complaint.

The action was begun on 9 April, 1927. The issues raised by the pleadings and involving the title to the land were tried at October Term, 1930, of the Superior Court of Wilkes County and answered in accordance with the contentions of the plaintiffs. In the judgment on the verdict it was ordered that the action be continued for the trial of the issues involving damages resulting from the trespass by the defendants, or any one of them, as alleged in the complaint.

At the trial of the issues at October Term, 1934, as to damages, at the close of the evidence, the plaintiffs submitted to a judgment of nonsuit as to the defendants other than C. C. Beshears, and the motion of

said defendant for a judgment of involuntary nonsuit as to him was allowed.

From judgment dismissing the action as to defendant C. C. Beshears, plaintiffs appealed to the Supreme Court.

*Trivette & Holshouser and F. J. McDuffie for plaintiffs.*
*Chas. G. Gilreath for defendant.*

PER CURIAM. We find no evidence in the record on this appeal tending to show a trespass on the lands of the plaintiffs by the defendant C. C. Beshears, as alleged in the complaint. For that reason, the judgment dismissing the action as to said defendant is

Affirmed.

M. F. WESTBROOK v. THOMAS WILLIAMS ET AL.

(Filed 20 March, 1935.)

APPEAL by plaintiff from *Barnhill, J.,* at September Term, 1934, of JOHNSTON. Affirmed.

This is an action to recover possession of a black mare mule, about ten years old, and for other relief.

It is alleged in the complaint that the plaintiff is the owner of the mule described in the complaint and that said mule is now in the wrongful and unlawful possession of the defendant Henry Brady. This allegation is denied in the answer.

At the close of the evidence for the plaintiff, on motion of the defendants, the action was dismissed as to the defendant Henry Brady by judgment as of nonsuit. Plaintiff appealed to the Supreme Court.

*L. E. Watson, Jr., for plaintiff.*
*Leon G. Stevens for defendants.*

PER CURIAM. There is no evidence appearing in the record in this appeal tending to show that the mule described in the complaint is now or was at the commencement of this action in the possession of the defendant Henry Brady, as alleged in the complaint. For that reason, the plaintiff is not entitled to recover in this action of the defendant Henry Brady.

There is no error in the judgment dismissing the action as to the defendant Henry Brady. The judgment is

Affirmed.